UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JASON B. BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 1:10-CV-304 JD |
| v. ) | |
| ) | |
| JAY COUNTY SHERIFF'S DEPARTMENT, ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

OPINION AND ORDER

Jason B. Brown, a *pro se* prisoner, submitted an amended complaint under 42 U.S.C. § 1983. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Here, Brown alleges that on September 1, 2008, Deputy Matt Simmons pushed him into a wall at the Jay County Jail where he was being housed as an inmate. As a result, he hit his face and forehead. He alleges that Deputy Simmons then tackled him, shocked him with a Taser, and choked him while Officer Joseph P. Hibbard held him down. Based on this complaint, it is reasonable to infer that he alleges that they did these things even though he was not resisting nor threatening them.

It is also reasonable to infer that he suffered serious injuries. "Although the Eighth Amendment applies only to convicted persons, pretrial detainees . . . are entitled to the same basic protections under the Fourteenth Amendment's due process clause. Accordingly, [court's] apply the same legal standards to deliberate indifference claims brought under either the Eighth or Fourteenth Amendment." *Minix v. Canarecci*, 597 F.3d 824, 831 (7th Cir. 2010). A violation of the Eighth Amendment's Cruel and Unusual Punishments Clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of deliberate indifference to the deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Though the facts provided by Brown in this complaint are sketchy, they are sufficient to state a claim against these two officers for an excessive use of force in violation of the Fourteenth Amendment. *See Whitley v. Albers*, 475 U.S. 312, 321-322 (1986).

Next, Brown alleges that Officer Vicki Wickelman observed the attack, but did not intervene to stop it. "Even as a bystander, [she] can be held liable under § 1983 if [she] (1) had reason to know that a fellow officer was using excessive force or committing a constitutional violation, and (2) had a realistic opportunity to intervene to prevent the act from occurring." *Lewis v. Downey*, 581 F.3d 467, 472 (7th Cir. 2009). Though it is unclear that Brown will be able to ultimately prove either of those elements, given the duration of the alleged attack by the two officers, it may be that she had an opportunity to intervene if they were using excessive force. Therefore, Brown has stated a claim against Wickelman for failing to intervene in violation of the Fourteenth Amendment.

Brown alleges that Dr. Mark Haggenjos refused to refer him to an outside physician or to perform unspecified medical tests that Brown wanted. Medical malpractice and incompetence do not state a claim of deliberate indifference. *Walker v. Peters*, 233 F.3d 494 (7th Cir. 2000).

> For a medical professional to be liable for deliberate indifference to an inmate's medical needs, he must make a decision that represents such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment.

*Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008) (quotation marks and citations omitted). Here, Brown has not identified what tests he wanted, nor how the doctor's treatment was a substantial departure from accepted professional judgment.

> [A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Ashcroft v. Iqbal, 556 U.S. ___, ___; 129 S. Ct. 1937, 1949; 173 L. Ed. 2d 868, 884 (2009) (quotation marks and citations omitted). Though it is clear that Brown disagreed with the doctor's treatment decision, "disagreement with medical professionals . . . does not state a cognizable Eighth Amendment Claim under the deliberate indifference standard of *Estelle v. Gamble* [429 U.S. 97 (1976)]." *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003). Prisoners are "not entitled to demand specific care. [They are] not entitled to the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir.1997). Therefore, the claim against Dr. Haggenjos will be dismissed.

Finally, Brown alleges that Chief Deputy Rob Bicknell denied his request for outside medical attention. This does not state a claim. Brown was seen by a doctor at the jail and

> If a prisoner is under the care of medical experts a non-medical prison official will generally be justified in believing that the prisoner is in capable hands. This follows naturally from the division of labor within a prison. Inmate health and safety

is promoted by dividing responsibility for various aspects of inmate life among guards, administrators, physicians, and so on. Holding a non-medical prison official liable in a case where a prisoner was under a physician's care would strain this division of labor.

*Greeno v. Daley*, 414 F.3d 645, 656 (7th Cir. 2005) (ellipsis omitted) *quoting Spruill v. Gillis*, 372 F.3d 218, 236 (3rd Cir. 2004). Based on the facts alleged in this complaint, it is not plausible to infer that Chief Bicknell was not justified in believing that the medical attention provided by the jail doctor was proper and adequate. Therefore the claim against him will be dismissed.

For the foregoing reasons, the court:

(1) **GRANTS** Jason B. Brown leave to proceed against Deputy Matt Simmons and Officer Joseph G. Hibbard in their individual capacities for monetary damages for excessive use of force in violation of the Fourteenth Amendment;

(2) **GRANTS** Jason B. Brown leave to proceed against Officer Vicki Wickelman in her individual capacity for monetary damages for failure to intervene in violation of the Fourteenth Amendment;

(3) **DISMISSES** all other claims;

(4) **DISMISSES** Chief Deputy Rob Bicknell and Dr. Mark Haggenjos;

(5) **DIRECTS** the clerk to transmit the summons and USM-285's for Deputy Matt Simmons, Officer Joseph G. Hibbard, and Officer Vicki Wickelman to the United States Marshals Service along with a copy of this order and a copy of the amended complaint (ECF 4);

(6) **DIRECTS** the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on Deputy Matt Simmons, Officer Joseph G. Hibbard, and Officer Vicki Wickelman; and

(7) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Deputy Matt Simmons, Officer Joseph G. Hibbard, and Officer Vicki Wickelman respond, as provided for in the Federal Rules of Civil Procedure and N.D. IND. L.R. 10.1, only to the claims for which the plaintiff has been granted leave to proceed in this screening order.[1]

SO ORDERED.

ENTERED: May 13, 2011

                                                /s/ JON E. DEGUILIO
                                                Judge
                                                United States District Court

---

[1] N.D. IND. L.R. 10.1 does not require a verbatim, paragraph by paragraph recitation and response to *pro se* complaints.