UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JASON B. BROWN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CAUSE NO. 1:10-cv-304 |
| JAY COUNTY SHERIFF'S DEPARTMENT, et al., | ) ) ) ) |
| Defendants. | ) |

## OPINION AND ORDER

Before the Court is a request filed by *pro se* Plaintiff Jason Brown in this 42 U.S.C. § 1983 case (Docket # 39), together with a completed Questionnaire for Appointment of Counsel (Docket # 45), asking that this Court request an attorney to represent him. Because Brown's case is not a difficult one, and since he is competent to litigate it, the motion will be DENIED.

## LEGAL STANDARD

No constitutional or statutory right to counsel exists in a civil case. *Pruitt v. Mote*, 503 F.3d 647, 656-57 (7th Cir. 2007) (citing *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992)); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997); *Zarnes v. Rhodes,* 64 F.3d 285, 288 (7th Cir. 1995). Under 28 U.S.C. § 1915(e)(1), however, a court may request that an attorney represent an indigent litigant; the decision whether to recruit pro bono counsel is left to the discretion of the district court. *Pruitt,* 503 F.3d at 649; *Luttrell*, 129 F.3d at 936; *Zarnes*, 64 F.3d at 288.

This decision by the district court comes down to a two-fold inquiry that must address "both the difficulty of the plaintiff's claims and the plaintiff's competence to litigate those claims

himself."[1] *Pruitt*, 503 F.3d at 655; *see also Jackson v. Kotter*, 541 F.3d 688, 700 (7th Cir. 2008). The question is "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge and jury himself." *Pruitt*, 503 F.3d at 655. Stated another way, the district court must ascertain "whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Id.* (emphasis omitted).

Normally, determining a plaintiff's competence will be assessed by considering "the plaintiff's literacy, communication skills, educational level, and litigation experience." *Id.* And if the record reveals the plaintiff's intellectual capacity and psychological history, these too would be relevant. *Id.* Overall, the decision to recruit counsel is a "practical one, made in light of whatever relevant evidence is available on the question." *Id.*

## ANALYSIS

Applying the foregoing two-fold inquiry, it is evident that Brown is competent to represent himself in this case. To explain, the suit is a relatively straightforward § 1983 action. Brown claims that Defendants used excessive force against him, or failed to intervene to stop the use of excessive force, during his incarceration at the Jay County Jail. (Docket # 4.) Therefore, the first factor—the difficulty of his claims—cuts against Brown's request for counsel. *See generally Lovelace v. Dall*, 820 F.2d 223, 226-27 (7th Cir. 1987) (denying a motion to appoint

---

[1] Here, Brown has made a reasonable attempt to obtain counsel on his own, as he has apparently contacted at least three different attorneys, one of whom has significant experience in civil rights law; none, however, have taken his case. (Docket # 45.) Of course, this is an indication that Brown's case may indeed have little merit and that appointing counsel will not make a difference in the ultimate outcome. *See County of McLean*, 953 F.2d at 1073 (considering plaintiff's unsuccessful attempts to retain counsel when denying his motion to appoint counsel).

counsel where *pro se* plaintiff could adequately handle the discovery process and trial in a relatively simple § 1983 case).

Second, Brown has already comprehensively articulated his claims in this case, responded to Defendants' motion for summary judgment, and sought relief through various motions. (*See, e.g.*, Docket # 4, 5, 10, 38, 39, 40, 45.) Thus, Brown has already performed some legal research and is fully capable of articulating his legal position.

Moreover, the Defendants' motion for summary judgment seems to rely on legal issues concerning the statute of limitations and issue preclusion; therefore, no discovery needs to be performed at this point. In any event, the facts of this case are within Brown's particular knowledge, and thus the task of any discovery, if necessary, is apt to be quite limited and certainly not insurmountable. As a result, the second factor of the two-fold inquiry—the plaintiff's competence to litigate the claims himself—also fails to support Brown's request for counsel.

Considering the foregoing, Brown appears quite competent to adequately handle the litigation of this relatively simple § 1983 case. Consequently, his motion asking that the Court recruit counsel for him will be denied.

## CONCLUSION

For the reasons stated herein, Plaintiff's motion requesting the appointment of counsel

(Docket # 39) is DENIED; Plaintiff is, of course, free to attempt to secure counsel on his own. Now that it is clear that Plaintiff will be proceedings *pro se*, the Court on its own motion affords him an extension of time through December 5, 2011, to supplement his response (Docket # 38) to Defendants' motion for summary judgment (Docket # 32) if he desires to do so.

Enter for this 1st day of November, 2011.

/S/ Roger B. Cosbey  
Roger B. Cosbey,  
United States Magistrate Judge