UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JASON B. BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 1:10-CV-304 JD |
| v. ) | |
| ) | |
| MATT SIMMONS, JOSEPH G. HIBBARD, ) | |
| and VICKI WICKELMAN, ) | |
| ) | |
| Defendants. ) | |

OPINION AND ORDER

This matter is before the court on a motion for summary judgment filed by the defendants. In the motion, they assert that the plaintiff's claims are barred by the statute of limitations. In the alternative, they seek partial summary judgment based on issue preclusion. The plaintiff, Jason B. Brown, a *pro se* prisoner, is proceeding on a claim that Deputy Matt Simmons and Correctional Officer Joseph Hibbard used excessive force against him on September 1, 2008, while he was being held at the Jay County Jail. He also alleges that Correctional Officer Vicki Wickelman did not intervene to stop them.

Pursuant to Fed. R. Civ. P. 56(a), summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying" the evidence which "demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "Substantive law determines which facts are material; that is, which facts might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

A party asserting that a fact cannot be or is genuinely disputed must support the assertion by "citing to particular parts of materials in the record" or show "that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1). To establish a genuine issue of fact, the nonmoving party must come forward with specific facts showing that there is a genuine issue for trial, not "simply show that there is some metaphysical doubt as to the material facts." *First Nat'l Bank of Cicero v. Lewco Secs. Corp.*, 860 F.2d 1407, 1411 (7th Cir. 1988) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). If the nonmoving party fails to establish the existence of an essential element on which it bears the burden of proof at trial, summary judgment is proper. *Massey v. Johnson*, 457 F.3d 711, 716 (7th Cir. 2006) (holding that a failure to prove one essential element necessarily renders all other facts immaterial).

In ruling on a motion for summary judgment, a court must view all facts in the light most favorable to the nonmoving party. *Anderson*, 477 U.S. at 255. A court must avoid the temptation to "make credibility determinations, weigh the evidence, or decide which inferences to draw from the facts; these are jobs for a factfinder." *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003). Summary judgment is not a substitute for a trial on the merits or a vehicle for resolving factual disputes. *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994). Instead, the court's sole task in ruling on a motion for summary judgment is "to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Payne*, 337 F.3d at 770. If a reasonable factfinder could find in favor of the nonmoving party, summary judgment may not be granted. *Id.*

A. Statute of Limitations

This case began when Brown mailed a Standard Form 95 to the clerk's office in Fort Wayne. ECF 1. Standard Form 95 was approved by the Office of Management and Budget for filing claims against the United States under the Federal Tort Claims Act. *Id.* This particular form was pre-printed for filing claims with the USDA, APHIS, FMD, BCT in Minneapolis, Minnesota. Those acronyms stand for the United States Department of Agriculture, Animal and Plant Health Inspection Service, Financial Management Division, Billings and Collections Team. This case has nothing to do with the Department of Agriculture and it does not involve a tort claim against the United States of America. Clearly this was not the correct form to use to file a civil rights lawsuit against officers at the Jay County Jail. Nevertheless, "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). "[C]ourts are supposed to analyze a litigant's claims and not just the legal theories that he propounds - especially when he is litigating pro se." *U.S. v. Norfleet*, 684 F.3d 688, 690, (7th Cir. 2012) (citing *Erickson*, other citations omitted). Thus, the clerk properly accepted this filing as a complaint and opened this case.

Because Brown used the wrong form, it was not obvious whom he was attempting to sue. The first page of the filing does not include a place to name a defendant because the form was not designed for filing a lawsuit in federal court. Thankfully the clerk did not list the Department of Agriculture as a defendant, even though that would have been one possible interpretation of the form. Rather, it appears that the clerk found a sentence near the end of Brown's handwritten description of his claim: "I have sworn deposition statements and video taped evidence in support

3

of all these allegations I have brought forth against: Jay County Sheriff's Department, Portland, Indiana 47371." ECF 1 at 4. Based on that sentence, it was reasonable for the clerk to have identified the Jay County Sheriff's Department as a defendant. The clerk cannot be faulted for not listing any other defendants at that time. But upon closer examination, it is clear that Brown named Deputy Matt Simmons, Correctional Officer Joseph Hibbard, and Correctional Officer Vicki Wickelman in the original filing. He also described what they did and sufficiently set forth adequate facts to state a claim against each of them. Liberally construed, all three were named as defendants in the original filing.

Because of the numerous problems with the original filing, the court concluded that it would be best to provide Brown with a complaint form and require him to file an amended complaint. ECF 3. Though the court struck the original filing, that did not terminate this case. Rather, the amended complaint was merely a means of permitting the plaintiff to clearly state his claims without the confusion caused by having "inartfully pleaded" his case. It was also a way of unambiguously requiring Brown to file an amended complaint. Brown was cautioned that if he did not do so by October 7, 2010, that his case would be dismissed. *Id.* On October 6, 2010, the clerk received the amended complaint from Brown. ECF 4. In it he again identified Deputy Matt Simmons, Correctional Officer Joseph Hibbard, and Correctional Officer Vicki Wickelman as defendants. He also more clearly explained the same claims against each of them which he had presented in his original filing.

In their memorandum in support of their summary judgment motion, the defendants acknowledge that the original filing in this case was docketed before the expiration of the statute of limitations. ECF 33 at 2. They seek summary judgment because the amended complaint was

submitted after it. Because the names of Defendants Deputy Matt Simmons, Correctional Officer Joseph Hibbard, and Correctional Officer Vicki Wickelman were not placed on the docket sheet until after the filing of the amended complaint, they argue that the amended complaint does not meet the requirements for relation back pursuant to Federal Rule of Civil Procedure 15(c).

It is unfortunate that the docket sheet did not include their names originally, but it is the filing, not the docket entry, that must control the relation back analysis. *See* Rule 15(c)(1) ("An amendment to a pleading relates back to the date of the original pleading when . . . (B) the amendment asserts a claim or defense that arose out of the conduct, transaction or occurrence set out . . . in the original pleading . . ..") (emphasis added). When the complaint was stricken, the clerk sealed it from public view. Because the language of the original complaint is necessary to the resolution of this motion, the clerk will be directed to unseal that filing.

Rule 15(c)(1)(C) imposes additional requirements when an amended complaint "changes the party or the naming of the party against whom a claim is asserted," but as explained, the original filing named Deputy Matt Simmons, Correctional Officer Joseph Hibbard, and Correctional Officer Vicki Wickelman as defendants. Therefore those additional provisions are inapplicable to this case. Thus, because the original filing was made before the expiration of the statute of limitations and because it included the same claims against the same defendants, the claims against Deputy Matt Simmons, Correctional Officer Joseph Hibbard, and Correctional Officer Vicki Wickelman are not barred by the statute of limitations.

B. Issue Preclusion

Alternatively, the defendants seek partial summary judgment based on issue preclusion. The defendants argue that the "plaintiff entered a plea of guilty to criminal recklessness. The conduct which forms the factual basis of this recklessness involved kicking a door open to a holding cell, nearly hitting Deputy Simmons in the face." ECF 33 at 5. The defendants argue that consequently, "[i]n any subsequent litigation in this matter, plaintiff Brown is precluded from denying that his conduct in kicking open the door, nearly hitting Deputy Simmons in the face, precipitated the incident of which he now complains." *Id.* at 6. As evidence in support of this argument, the defendants have provided a copy of the Information charging Brown with Criminal Recklessness (ECF 34-1), the Judgment of Conviction and Order on Sentence (ECF 34-2), and the signed Plea Agreement (ECF 34-3).

Brown does not dispute the accuracy of these documents. However, summary judgment is not appropriate here because the defendants have not provided any evidence that kicking the door was proximately connected to the alleged excessive use of force, much less that it precipitated it. Though the uncontroverted evidence establishes that Brown kicked a door and created a substantial risk to Deputy Simmons on September 1, 2008, there is no evidence showing whether the kicking occurred before, during, or after the alleged excessive use of force. Without more information, it would be impossible to find that the kicking "precipitated the incident." Moreover, unless the temporal relationship between the kicking of the door and the alleged excessive use of force were relevant to the criminal recklessness conviction, issue preclusion would not preclude litigation of the timing of these events because it would not have been at issue in the prior proceeding. *See Coleman v. Donahoe*, 667 F.3d 835, 853 (7th Cir. 2012) ("Issue preclusion . . . bars successive

litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim." (quotation marks and citations omitted).) Therefore the motion for partial summary judgment based on issue preclusion will be denied.

### C. Conclusion

For the foregoing reasons, the court:

(1) **DIRECTS** the clerk to unseal the original complaint (ECF 1);

(2) **DENIES** the motion for summary judgment (ECF 32); and

(3) **LIFTS** the stay in this case.

SO ORDERED.

ENTERED:   August 27, 2012

          /s/ JON E. DEGUILIO
Judge
United States District Court